UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD R. NUNEZ A.K.A. NICK F. GONZALEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL, CAPTAIN SPENCER *et. al.*,<br><br>                Defendants, | Case No.  C06-5650RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**OCTOBER 26, 2007** |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgment (Dkt # 26).  Plaintiff has not responded despite being informed in the scheduling order that failure to respond to a motion may be considered as an admission the motion has merit pursuant to Local Rule 7.

    Defendants raise three arguments.  The first argument is that none of the unnamed (Doe) defendants have been identified and discovery is now closed.  The second argument is that no policy or practice of the county is at issue and neither the county nor the jail are proper defendants. The final argument is that Captain Spencer played no part in the alleged use of force that is the subject of this action (Dkt # 24).

FACTS

REPORT AND RECOMMENDATION
Page - 1

Plaintiff alleges that on October 4, 2006, he was taken to the floor in the intake area of the jail without just reason. He alleges he was shocked 14 times by the officers and has scars on his back as a result (Dkt # 13, complaint). Plaintiff does not name any of the officers who were allegedly involved in this incident.

## THE STANDARDS OF REVIEW.

### A.   Summary Judgment.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630, (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

### B.   Municipal liability.

1  In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991). Municipal liability would not attach for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).

C.  Respondeat Superior.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

DISCUSSION

A.  Unnamed defendants.

While plaintiff named Jane and John Does in his complaint (Dkt # 13). He has not identified those persons or made them a party to this action. The time for discovery has past and plaintiff did not respond to the motion for summary judgment.

Local Rule 7 (b)(2) states that failure to file the papers to oppose a motion may be taken by the court as an admission the motion has merit. The court concludes that the unnamed defendants in this action have not been properly made a party to the action and should be **DISMISSED WITH PREJUDICE.**

B.  Peirce County Jail.

Plaintiff has failed to identify a policy, practice, or custom of the Jail that is at issue in this case.

REPORT AND RECOMMENDATION
Page - 3

Municipal liability would not attach for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Absent any response from plaintiff the court concludes Pierce County Jail is not a proper party to this action and should be **DISMISSED WITH PREJUDICE.**

C.    Personal Participation.

There is no evidence before the court showing Captain Spencer played any part in the alleged use of force on October 4, 2006. Plaintiff has not contested defendant Spencer's assertions he is entitled to dismissal for lack of personal participation. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). This defendant should be **DISMISSED WITH PREJUDICE.**

CONCLUSION

Plaintiff's failure to respond to defendant's motion for summary judgment is fatal to this action. Defendant's motion should be granted and this action **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2007**, as noted in the caption.

Dated this 25 day of September, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4